UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                    Plaintiff,

          -against-

PROGRESSIVE CORPORATION
INSURANCE COMPANY,

                    Defendant.

19-CV-2902 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint under the

Court's diversity jurisdiction against Progressive Corporation Insurance Company. Plaintiff

resides in the Bronx, and he alleges that Progressive is headquartered in Ohio. His claims arise

out of a car accident that occurred on January 28, 2017, in Buffalo, New York. Although a

summons was not issued, Plaintiff moved for entry of a default judgment. Defendant, who was

never properly served, opposed the motion. (ECF Nos. 5-7.) On May 16, 2019, the Court denied

Plaintiff's motion by memorandum endorsement. On May 22, 2019, the Court dismissed this

action without prejudice because there is a virtually identical complaint pending in the United

States District Court for the Northern District of Ohio. *See Johnson v. Progressive*, No. 19-CV-

826 (N.D. Ohio).[1]

Plaintiff has filed a motion "to reserve right to appeal and object default judgment

endorsement." (ECF No. 11.) The Court liberally construes this submission as a motion under

Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for

---

[1] The Court also noted that Plaintiff has three other complaints against other insurance
companies, pending in this District and in other courts, arising out of the same car accident.

reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.     Motion for Reconsideration

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

The Court properly denied Plaintiff's motion for entry of a default judgment.[2] Plaintiff

failed to provide proof of service of a summons and complaint. In fact, the Court never issued a

summons. Defendant therefore was not in default. It was also proper for this Court to dismiss this

action without prejudice. Plaintiff is not entitled to simultaneously litigate the same claims

against the same Defendant in multiple districts.

Accordingly, Plaintiff has failed to demonstrate in his motion for reconsideration that the

Court overlooked any controlling decisions or factual matters with respect to the dismissed

action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of

his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the

first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses

is denied.

---

[2] Plaintiff objects that he was not given an opportunity to respond to Defendant's opposition. But the Court acted *sua sponte* — meaning on its own — in denying the motion. Although named as a Defendant, Progressive was not served with process, and thus was not a party to this action.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also

denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per

curiam) (citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances

exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S.

193, 199-202 (1950).

**B.**     **Motion for Extension of Time to Appeal**

A notice of appeal must "designate the judgment, order, or part thereof being appealed."

Fed. R. App. P. 3(c)(1)(B); *The New Phone Co. v. City of New York,* 498 F.3d 127, 131 (2d Cir.

2007) (holding that appellate jurisdiction "depends on whether the intent to appeal from [a]

decision is clear on the face of, or can be inferred from, the notice[ ] of appeal"). In addition,

under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty

days after entry of judgment. "[T]he taking of an appeal within the prescribed time is mandatory

and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal

quotation marks omitted).

Although the motion for an extension of time to appeal was filed within thirty days from

the entry of judgment and demonstrates Plaintiff's intent to appeal the dismissal of his case, it is

not a notice of appeal. *Pro se* submissions, however, must be construed liberally and read "to

raise the strongest arguments they suggest." *Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir. 2003).

Within thirty days from the date of this order, Plaintiff must complete and return the attached

notice of appeal form. Should Plaintiff comply with this order, the Court will construe the motion

for an extension of time to appeal as a timely filed notice of appeal, and the notice of appeal as a

supplemental filing.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff's motion for reconsideration (ECF doc. #11) is denied. The Court denies as

moot Plaintiff's motion for an extension of time to appeal. If Plaintiff files the notice of appeal

within thirty days from the date of this order, the Clerk of Court is directed to process the appeal.

Plaintiff's case in this Court under Docket No. 19-CV-2902 is closed. No further

documents will be accepted for filing documents except for those that are directed to the Second

Circuit Court of Appeals.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated:   May 30, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (      )(      )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☐ order entered on: _____

(date that judgment or order was entered on docket)

that: _____

_____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____          _____
Dated                               Signature*

_____
Name (Last, First, MI)

_____
Address                City        State              Zip Code

_____          _____
Telephone Number                    E-mail Address (if available)

_____

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13